UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 98-4397

MICKEY ALAN HENDREN,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, Chief District Judge.
(CR-96-31-V)

Submitted: February 16, 1999

Decided: March 11, 1999

Before MICHAEL and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William F. Brooks, Wilkesboro, North Carolina, for Appellant. Mark
T. Calloway, United States Attorney, Brian Lee Whisler, Assistant
United States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Mickey Alan Hendren was convicted pursuant to his guilty pleas of kidnaping, carjacking, interstate domestic violence and violation of a protection order, and using a firearm during a crime of violence. On appeal he alleges that the district court erred during sentencing by: (1) not granting him a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1;[1] (2) miscalculating his base offense level; (3) enhancing his base offense level for sexual abuse by threats of death (USSG § 2A3.1(b)(1)) and for abduction (USSG § 2A3.1(b)(5)); and (4) refusing to grant downward departures pursuant to USSG § 5K2.0 for aberrant behavior and extraordinary post-offense rehabilitation efforts and conduct. Finding no reversible error, we affirm.

Hendren and the victim lived together for approximately six years, never marrying. Hendren physically abused the victim on numerous occasions during their relationship and threatened to kill her if she ever left him. The victim finally filed a domestic violence complaint and received a protection order against Hendren. One morning approximately one week after filing her complaint, the victim got into her car to go to work. Hendren, who had been hiding in the vehicle, pointed a loaded .38 caliber pistol at her head and threatened to kill her. Hendren also showed the victim what he claimed to be a bomb and threatened to detonate the bomb and kill both of them.[2]

Hendren initially ordered the victim to drive to his house, where he tied her up and handcuffed her while he took a shower. After again threatening to kill her and her family, Hendren ordered the victim to accompany him to Virginia. Over the next approximately eight hours, Hendren and the victim drove around southern Virginia. During this time, Hendren repeatedly threatened to kill the victim, various family members, and himself if she did not come back to him. Hendren also

---

[1] **U.S. Sentencing Guidelines Manual** (1997).

[2] The record further discloses that Hendren told the victim that other bombs were being sent to various members of their families and that he would kill them if she did not come back to him.

made numerous sexual advances, which the victim refused. The district court found that the victim finally became convinced that her only hope for survival was to make Hendren believe that she would resume their relationship. As part of her plan, the victim eventually consented to Hendren's requests for sexual intercourse.[3] After engaging in sexual intercourse and receiving further assurances from the victim, Hendren allowed her to drive back to North Carolina. The victim was eventually able to drop Hendren off at a mall in their home town so he could call for a ride home. She then immediately drove home and called the police.

We note at the outset that Hendren's claims revolve around his belief that the district court erred when it found, as a factual matter, that the sexual intercourse between himself and the victim constituted a sexual assault. Hendren asserts that since the intercourse was allegedly consensual and he did not hit or expressly threaten to kill the victim if she did not have sex with him, there was no sexual assault. The district court, however, found that the circumstances, taken as a whole, created a reasonable fear in the victim that she would be killed if she did not give in to Hendren's demands to resume their relationship.[4] The court further found that the sexual intercourse was not really consensual because the victim testified that she only agreed to it in the hope of convincing Hendren that she was willing to come back to him so that he would let her go. Because we find that the record supports the district court's factual finding that the sexual intercourse was not truly consensual, the court's ultimate conclusion that the victim was sexually assaulted was not clearly erroneous. See United States v. Daughtrey, 874 F.2d 213, 217-18 (4th Cir. 1989) (factual determinations are reviewed for clear error).[5]

_____

[3] It is undisputed that Hendren did not hit the victim, threaten to kill her if she did not have sex with him, or expressly force himself upon her. However, the district court found that the pistol remained on the seat beside Hendren and the victim while they engaged in sexual intercourse.
[4] Specifically, the district court identified the presence of the firearm on the seat during intercourse, the bomb in the car and threats of other bombs being delivered to family members, the prior threats of murder and physical harm, and the handcuffing and tying up of the victim as factors contributing to its decision.
[5] We reject Hendren's contention that, because he was not charged with or convicted of sexual assault, it was error to find that he committed a

3

Hendren alleges that the district court erred by failing to grant him a downward adjustment for acceptance of responsibility, and he cites to his timely entry of a guilty plea, voluntary surrender to authorities, and post-arrest rehabilitation efforts to support his claim. We review the district court's factual determination that Hendren did not accept responsibility for his misdeeds for clear error and find none. See United States v. Nale, 101 F.3d 1000, 1005 (4th Cir. 1996). The burden was on Hendren to show that he was entitled to the reduction, and the reduction was only appropriate if Hendren showed an affirmative acceptance of responsibility for all of his behavior. See United States v. Harris, 882 F.2d 902, 906-07 (4th Cir. 1989). In the present case, we find that the record supports the district court's conclusion that the reduction was inappropriate due to Hendren's failure to accept responsibility for sexually assaulting the victim.

We reject Hendren's assertion that the district court erred by sentencing him under the sexual assault guideline (USSG§ 2A3.1) instead of the kidnaping guideline (USSG § 2A4.1). Section 2A4.1(7) expressly provides that if the kidnaping occurred during the commission of, or in connection with, another offense, the defendant may be sentenced under the guideline applicable to that offense. We again find unpersuasive Hendren's claim that the failure to charge him with sexual assault prevented consideration of this misconduct in determining his sentence.

The Government needed only to prove that the enhancements for sexual abuse by threats of death and abduction were applicable by a preponderance of the evidence, and we will uphold the district court's factual determinations unless they were clearly erroneous. See United States v. Urrego-Linares, 879 F.2d 1234, 1237-38 (4th Cir. 1989). In the present case, we find that the record amply supports the district court's decision. The victim was clearly abducted. Moreover, a reasonable person in the victim's position could believe that Hendren

_____

sexual assault for sentencing purposes. It is well-settled that a district court may consider all relevant conduct, including uncharged misconduct, in determining the appropriate sentencing range under the Guidelines. See USSG § 1B1.3, comment. (backg'd.).

4

would kill her if she did not convince him that she would resume their relationship.

Finally, we reject Hendren's assertions that he was entitled to downward departures for aberrant behavior and extraordinary post-offense rehabilitation efforts. A district court's decision not to grant a motion for downward departure is not reviewable unless the court erroneously believed that it lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). The district court heard Hendren's arguments on these issues and properly deter-mined that a departure was not warranted under the circumstances. There is nothing in the record suggesting that the court believed that it lacked the authority to grant Hendren's motions.

Accordingly, we affirm Hendren's sentence. We dispense with oral argument because the facts and legal contentions are adequately pre-sented in the materials before the court and argument would not aid the decisional process.

AFFIRMED